# WILLIAM PARRIS *et al.*

*v.*

# THE PEOPLE OF THE STATE OF ILLINOIS.

1. INFORMATION—*in county court—requisites of.* When the statute dispensed with an indictment in the county court, and substituted an

information, it was not designed to dispense with all the previous require-
ments of the law. The accused is still entitled to be informed of the
offense with which he is charged, and not only so, but with the same cer-
tainty as is required in an indictment.

2. SAME—*not sufficient to charge on belief.* An information in the county
court should charge the accused positively with the commission of
the offense. It is not sufficient to charge that he is believed to be guilty,
or that the prosecutor has reason to suspect his guilt.

3. SAME—*constitutional requirements.* An information for a criminal
offense in the county court, like an indictment, should be carried on "in
the name and by the authority of the People of the State of Illinois," and
conclude "against the peace and dignity of the same."

4. MALICIOUS MISCHIEF—*destruction of growing crop.* The destruction
of growing wheat is a trespass, but not a criminal offense. The statute
makes the malicious destruction of any barrack, cock, crib, rick or stack
of wheat punishable criminally. An information, therefore, which charges
the destruction of a part of twelve acres of wheat, is fatally defective.

WRIT OF ERROR to the Circuit Court of Champaign county;
the Hon. C. B. SMITH, Judge, presiding.

This was an information in the county court of Champaign
county, against William Parris, Isaac Jones, John Parris,
George Parris, and Walker Richards. The following is a
copy of the information:

"STATE OF ILLINOIS,      } ss.
      *Champaign County.*

"The complaint and information of Albert Coons, of Ogden
township, in said county, made before the Hon. A. M. Ayres,
judge of the county court in and for said county, on the 10th
day of October, 1873, at Ogden township, in the said county,
the criminal offense of malicious mischief, destroying and
causing to be destroyed a part of twelve acres of wheat, the
same being the property of Albert Coons, and unlawfully
and maliciously, and for mischief, shooting and wounding a
certain dog, the same being the property of Albert Coons,
was committed, and he has just and reasonable grounds to
suspect that William Parris, Isaac Jones, John Parris, George

Parris and Walker Richards committed the same; he there-
fore prays that the said William Parris, etc., may be arrested
and dealt with according to law.

"ALBERT COONS.

"Subscribed and sworn to before me this 10th day of Oc-
tober, 1873.

"J. W. SHUCK,<br>
"<i>Clerk of the County Court.</i>"

A trial was had in the county court, where the defendants
were found guilty, and fined each $3. They appealed to the
circuit court, where the judgment of the county court was
affirmed.

Messrs. CUNNINGHAM & WEBBER, for the plaintiffs in error.

Mr. CHIEF JUSTICE WALKER delivered the opinion of the
Court:

The record shows that plaintiffs in error were prosecuted in
the county court for malicious mischief. The information
charges, that "on the 10th day of October, 1873, at Ogden
township, in said county, the criminal offense of malicious
mischief, destroying and causing to be destroyed a part of
twelve acres of wheat, the same being the property of Albert
Coons, and unlawfully and maliciously, and for mischief,
shooting and wounding a certain dog, the same being the
property of Albert Coons, was committed, and that he has
just and reasonable grounds to suspect that William Parris,
Isaac Jones, John Parris, George Parris and Walker Rich-
ards committed the same."

When the statute dispensed with an indictment in the
county court, and substituted an information, it was not de-
signed to dispense with all the previous requirements of the
law. The accused is still entitled to be informed of the offense
with which he is charged, and not only so, but with the same
certainty as is required in an indictment. The accused should
be positively charged with the commission of the offense, and

not that he is believed to be guilty or that the prosecutor has reason to suspect his guilt. Such loose and indefinite averments, if they may be denominated as such, are unknown to pleadings in any court or any class of cases. It may well be doubted whether the paper in this case, called an information, charges even a suspicion of anything against the accused.

Again, this information attempts to charge the offense of destroying a part of twelve acres of wheat. The reasonable construction of this language is, that the wheat was growing, and attached to and a part of the soil; but if in this we are mistaken, then it is at least doubtful whether it was growing wheat or wheat in shock or stack. There is no positive averment that it is the one or the other.

If this was intended as a prosecution, as we presume it was, under section 156 of the Criminal Code of 1845, then the destruction of growing wheat is not embraced in its provisions. That only includes any barrack, cock, crib, rick or stack of wheat, etc. The destruction of growing wheat is a trespass, but not a criminal offense. Hence the complaint was bad for the reason that, so far as it related to wheat, it did not embrace an indictable offense. A person can not be punished criminally for a mere trespass.

The constitution, article 8, section 33, provides, that "all prosecutions shall be carried on in the name and by the authority of the People of the State of Illinois," and conclude "against the peace and dignity of the same." There can not be the slightest pretense that there was any effort in this case at a compliance with this provision of the constitution. In fact, there is nothing that even resembles conformity. It seems that there has been an entire disregard both of legal and constitutional requirements in preparing the information in this case.

The instruction complained of tells the jury, that if they believe, from the evidence, that defendants maliciously and for mischief drove a herd of cattle upon the wheat, thereby injuring and damaging the wheat, then the jury should find

the defendants guilty. This instruction was manifestly wrong. It authorized the jury to convict for a trespass, which we have seen is not the subject of a criminal prosecution.

For the errors indicated the judgment of the court below must be reversed, and the cause remanded.

*Judgment reversed.*