MARTIN GALLAGHER ET AL.

V.

THE PEOPLE OF THE STATE OF ILLINOIS.

*Dram-Shops—Information—Presentation by State's Attorney—Affidavit
—Statute—Question of Fact—Instructions.*

1. In a prosecution for selling liquor to persons in the habit of getting
intoxicated, by information presented in the County Court by the state's
attorney, such information may be verified by the affidavit of some other
person.

2. In the case presented, the information being verified by a third per-
son and presented by the state's attorney, it did not require indorsement
by the judge of the court below.

3. The question whether persons to whom liquor has been sold were in
the habit of getting intoxicated, is one of fact, directly provable, and not an
opinion or conclusion from other facts.

4. Where, in a prosecution for selling liquor to persons in the habit of
getting intoxicated, the court has given an instruction in the words of the
statute, it may properly refuse others purporting to define the word
" habit."

[Opinion filed December 1, 1886.]

APPEAL from the County Court of Schuyler County; the Hon. E. J. PEMBERTON, Judge, presiding.

In connection with this case see the following case between these parties.

Messrs. O. A. DE LEUW and G. BARRERE, for plaintiffs in error.

Messrs. S. B. MONTGOMERY, State's Attorney, and GRAY & WAGGONER, for defendants in error.

PLEASANTS, P. J. This was a prosecution by information containing one hundred and two counts for selling liquor to persons who were in the habit of getting intoxicated, filed in the County Court of Fulton county, and removed by change of venue to Schuyler, where a trial by jury resulted in a conviction on eleven counts, and judgment was entered upon the verdict.

After the caption, it proceeded as follows: "Now on this day comes into open court, in his own proper person, W. M. Vandevender, state's attorney in and for said county, in the name and by the authority of the people of said State of Illinois, and prosecutes in this behalf for and on behalf of said people, and informs the court," etc. It concluded, "against the peace and dignity of the said people of the State of Illinois," and was signed by said state's attorney. But it was verified by the affidavit of Charles S. Phelps, and was without an indorsement by the county judge that there was probable cause for filing the same. And because it was not so indorsed nor verified by the affidavit of the state's attorney, the defendants moved the court to strike it from the files. The motion was denied, and this ruling is the principal error here assigned.

A majority of this court think it was right. The statute provides that "all offenses cognizable in the County Court shall be prosecuted by information by the state's attorney, attorney general or some other person, and when an information is presented by any person other than the state's attorney

Gallagher v. The People.

or attorney general, it shall be verified by affidavit of such person that the same is true, or that the same is true as he is informed and believes. Before an information is filed by any person other than the state's attorney or attorney general, the judge of the court shall examine the information, and may examine the person presenting the same, and require other evidence and satisfy himself that there is probable cause for filing the same, and so indorse the same." Starr & C. Ill. Stat., Vol. 1, p. 727, Sec. 235.

It is conceded that the Constitution requires, though the statute in terms does not, that every information, by whomsoever presented, must be verified by affidavit. Myers v. The People, 67 Ill. 503. At common law "it differs from an indictment only in being presented by a competent public officer on his oath of office instead of a grand jury on their oath." 1 Bouv. Law Dict. 631; Bishop on Crim. Procedure, Vol. 1, Sec. 141, 3d Ed.

By the English law, as it stood when our forefathers imported it to this country, the right to make an information was exclusively in the attorney general, or if that office was vacant, the solicitor general; and he acted therein upon his official discretion without the interference of the court. The court did not grant him leave to file it, for the right was his without leave. Bishop, Sec. 142.

As has been seen, our Constitution has changed the common law in that the officer can not file the information upon his oath of office alone, but it must be further supported by a distinct affidavit; and the statute has still further changed it in three particulars, viz: (1) It may be presented by a person other than the public prosecutor; (2) when so presented it must be verified by the affidavit of such person that the same is true, or that he is so informed and believes; and (3) the judge in such case must examine it and certify by his indorsement thereon that there is probable cause for filing it.

It is claimed that the information in the case was "filed" or "presented" by Charles S. Phelps, and not by the state's attorney, and therefore is fatally defective for want of the judge's indorsement that there was probable cause for filing it.

This claim rests upon the sole reason that it was verified by his affidavit, and in our opinion is untenable. The provision that when presented by a person other than the state's attorney or attorney general it must be verified by the oath of such person, implies that it may be presented by the state's attorney or attorney general and yet be verified by the affidavit of some other person. And this is altogether reasonable. In most cases the state's attorney will have no personal knowledge of the offense and can not so verify the information; and in many, may not be willing or able to swear that he believes the affidavit or statement given him, and yet be satisfied that public justice demands an investigation; in which case he should be willing, upon proper affidavit of some other person, officially to present and be responsible for the information, rather than to discredit the charge in advance by refusing to do it. For if he should refuse, the party complaining may present it himself, and if he can procure the indorsement of the judge it will be the duty of the state's attorney to prosecute it no less than if he had presented it. In Parris v. The People, 76 Ill. 274, the information was in the name of and signed by a private citizen, and though held bad for other reasons, this was not suggested as a defect. Here the information, on the face of it, purports to be given by the state's attorney in his proper person, as such, and is signed by him. This is according to the form at common law where it is presented by the attorney general. See Bishop, Sec. 146.

We are of opinion, therefore, that it was presented by the state's attorney, and not by Charles S. Phelps. Its presentation by the public prosecutor, which, like all his official acts, is under the sanction of his official oath, with the affidavit of such other person, is regarded by the law as a protection to the accused against any abuse of the process of the court equal to that afforded by the indorsement of the judge when it is presented by an unofficial person.

In respect to the other points made, we hold that whether the persons to whom the defendants sold liquor were in the habit of getting intoxicated was a question of fact and not of opinion nor a conclusion from other facts, and was therefore

directly provable; that having given an instruction in the language of the statute, it was not error to refuse others asked which purported to define the term "habit" as used in the statute (Mullinix v. The People, 76 Ill. 211), and that the judgment was properly several. Perceiving no material error in the record, the judgment will be affirmed.

*Judgment affirmed.*