THE STATE OF NORTH DAKOTA, *ex rel* S. B. BARTLETT, States Attorney for Cass County, Plaintiff and Appellant, *v.* SIMON FRASER and GEORGE BENZ, Defendants and Respondents.

**1. Intoxicating Liquors—Place Where Liquor is Sold a Nuisance.**

Where it appears that one of the defendants, who resides at St. Paul, Minn., is, through the agency of the other defendant, engaged in carrying on the business of keeping for sale and selling intoxicating liquor at a place of business located at Fargo, in the state of North Dakota, in violation of the prohibitory liquor law, *held*, that such place of business is a common nuisance, whether such liquor was or was not drank by purchasers at such place of business, with the knowledge and consent of the agent in charge of such place of business. Construing § 13, c. 110, Laws N. D. See State v. Chapman, (S. D.) 47 N. W. Rep. 411.

**2. Same—Original Packages—Wilson Bill.**

*Held, further,* since the passage by congress of the law commonly known as the "Wilson Bill," that sales of intoxicating liquor in violation of the prohibitory legislation of North Dakota, which are made in this state by a non-resident, through an agent living in this state, are unlawful sales, whether the liquor sold is or is not imported liquor, or whether it is or is not contained in the original cask or package in which it was shipped out of another state or county. *In re* Van Vliet, 43, Fed. Rep. 761; *in re* Spicklar, id. 653.

(Opinion Filed February 4, 1891.)

*A*PPEAL from district court, Cass county; Hon. WILLIAM B. MCCONNELL, Judge.

*George F. Goodwin,* attorney general, *Chas. A. Pollock,* assistant attorney general, and *S. B. Bartlett,* for appellant; Messrs. *Ball & Smith* and *Tilly & Stewart,* for respondents.

WALLIN, J.   This is an action in equity, brought on behalf of
the state by the district attorney for Cass county under §
13 of chapter 110 of the laws of North Dakota of 1890.  The
plaintiff demands in its complaint, in substance, that the defend-
ants be enjoined from the further prosecution of their business
as liquor dealers, and that their place of business, located in the
city of Fargo, be abated as a common nuisance.   The complaint
charges, in substance, that the defendants are carrying on the
business of selling intoxicating liquor in Fargo at the number
and street stated in the complaint.   The defendant, Simon
Fraser, answers separately as follows:  "(1)   That defendant
denies each and every allegation in said complaint contained,
except as hereinafter specifically admitted, denied or modified.
(2)   That defendant admits that S. B. Bartlett is district at-
torney, as alleged in paragraph one of said complaint. (3) And
this defendant, for a further defense and answer to said com-
plaint, says that at all times since the 20th day of July, A. D.
1890, in said complaint mentioned, this defendant was the duly
authorized agent of George Benz, George G. Benz, and Henry
L. Benz, copartners as George Benz & Sons, of the city of St.
Paul, in the state of Minnesota, and as such agent to receive,
offer for sale, and sell all kinds of spirituous and malt liquors
at the city of Fargo, Cass county, state of North Dakota; also
except expenses and commissions, to remit the same to George
Benz & Sons, his principals; and, so acting, this defendant,
since the 20th day of July, A. D. 1890, at all times in said com-
plaint mentioned, has continued to receive, store, offer for sale,
and sell spirituous and malt liquors, shipped to him as such
agent, at said city of Fargo, by his said principals, from the city
of St. Paul, in the state of Minnesota; and that he has received,
stored, offered for sale, and sold the same as such agent, at the
city of Fargo, while contained in the original packages in which
they were inclosed and shipped at said city of St. Paul, by his
said principals, and in which the same were received by this
defendant, as such agent, in said city of Fargo, and not
otherwise.   That this defendant has occupied the premises
in said complaint described since the 20th day of July, A. D.
1890, as a store-room in which to receive, store, expose for sale,

and to sell such goods, in manner and form aforesaid, and not otherwise. That said goods so received, stored, offered for sale, and sold as aforesaid were at all times since the said 20th day of July, A. D. 1890, in said complaint mentioned, the sole property of said George Benz & Sons, of the city of St. Paul, in the state of Minnesota, and were shipped to this defendant as their agent, in said city of Fargo, for the purposes aforesaid, from the city of St. Paul, state of Minnesota. Wherefore, this defendant prays: *First*, that the injunction granted by the court in this action be dissolved; *second*, that said action be dismissed as to this defendant, and that he go hence with his costs." Defendant George Benz answers the camplaint as follows: "(1) That this defendant denies each and every allegation in said complaint contained, except as hereinafter specifically admitted, denied or modified. (2) That this defendant admits that S. B. Bartlett is district attorney, as alleged in paragraph one of said complaint. (3) That this defendant, for a further defense and answer to said complaint, says that at all times since the 20th day of July, A. D. 1890, in said complaint mentioned, this defendant has been the owner of the premises described in said complaint. That he has leased the same to Simon Fraser, co-defendant in said action, to be used and occupied by said Simon Fraser as a store-room in which to receive, store, offer for sale, and sell spiritous and malt liquors, such business to be conducted in a lawful manner. That this defendant is informed and believes that said Simon Fraser, at all times since the 20th day of July, A. D. 1890, in said complaint mentioned, has occupied said building and premises as a store-room to receive, store, offer for sale, and sell as agent for said George Benz, George G. Benz, and Henry L. Benz, copartners as George Benz & Sons, spirituous and malt liquors, shipped to him as such agent at the city of Fargo, by his said principals, from St. Paul, state of Minnesota, selling and disposing of the same in the original packages, in which said liquors were shipped from said city of St. Paul, and received by him at said city of Fargo. Wherefore this defendant prays—*First*, the injunction in this action be dissolved; *second*, that said action be dismissed, and that this defendant go hence with his costs."

A trial was had in the district court upon an agreed state of facts, which embody, in substance, the facts and allegations contained in the answer of the defendants.    We will only quote the fourth and fifth stipulations of fact, which are as follows: "That the following testimony of one J. C. Murray is agreed upon as being the only testimony offered in the case, and is here incorporated as a part of this statement of facts, the same being in words and figures following, to-wit: 'State of North Dakota, county of Cass—ss.: I, John Murray, of lawful age, being duly sworn, say I know the defendant, Simon Fraser.    That I have seen him at his place of business.    His business is a liquor dealer in the city of Fargo, county of Cass, state of North Dakota. His place of business is 516½ on Front street, in the city of Fargo, Cass county, state of North Dakota.    I was at his place of business within the past two or three days.    I bought a small bottle of whisky in his said place of business, and drank it.    Saw others drinking.    I have been in his place of business five or six times within the past week.    His is a place where intoxicating liquors are kept for sale, and sold and drank upon the premises.    At the times I have been there I have seen divers persons drinking intoxicating liquors there, and have seen them buy the same there.    It is a place where persons resort for the purpose of drinking intoxicating liquors as a beverage.    J. C. MURRAY.    Subscribed and sworn to before me this 21st day of August, A. D. 1890.    S. B. BARTLETT, District Attorney in and for Cass county, North Dakota.'    It is further stipulated that all the liquor hereinbefore referred to was sold in original packages by the said defendant Simon Fraser, as the agent of George Benz & Sons, of St. Paul, Minnesota."

The trial court made and filed its findings of law and fact as follows: "This cause coming on to be heard at a regular term of this court, held at the courthouse in the city of Fargo, in said county and state, on the 10th day of September, A. D. 1890, the plaintiff being represented by S. B. Bartlett, Esq., district attorney, and Charles A. Pollock, Esq., and the defense by Messrs Ball & Smith and Messrs. Tilly & Stewart, on the plaintiff's complaint and the separate answers of said defendants, together with the evidence introduced by the respective parties,

and was argued by counsel on behalf of the plaintiff and defendants; wherefore the court makes and finds the following findings of fact herein, to-wit: (1) That the defendant Simon Fraser is the agent of George Benz & Sons, of St. Paul, Minnesota, and authorized as such agent to receive, store, and sell spirituous and malt liquors in the city of Fargo, in said Cass county, in the original package in which the same is consigned to him by his said principals at St. Paul, and received by him at said city of Fargo. (2) That during all times in said complaint mentioned said defendant Simon Fraser received, stored, and sold spirituous and malt liquors in the original packages, as consigned to him by his principals from St. Paul, Minnesota, and as received by him at said city of Fargo. (3) That the defendant George Benz is the owner of the building on the west half of lot eight, in block numbered five, of the original townsite of the town, now city, of Fargo, known as number five hundred sixteen and a half (516½) Front street, in said complaint described; and that he leases the same to said Simon Fraser as the agent of George Benz & Sons, to receive, store and sell spirituous and malt liquors as such agent and importer of the same in the original packages in which the same are consigned to him from St. Paul, Minnesota, and received by him at the city of Fargo, and not otherwise. (4) That the evidence fails to show that said liquor was sold by said defendant Simon Fraser to be drank on the said premises in said complaint described, or that the same was drank on said premises by and with the knowledge and consent of said defendant, Simon Fraser." From which findings of fact, the court finds the following conclusions of law, to-wit: "(1) That the defendant, Simon Fraser, as the law now is in the state of North Dakota, has the right, as an agent of a nonresident importer of spirituous and malt liquors, to sell the same in the original packages in which said liquors are consigned to him by his principals from a foreign state, and received by him in this state. (2) That under the law the said George Benz had the right to lease the premises described in the complaint to Simon Fraser, as agent for George Benz & Sons, to be occupied by him as such agent, for the purpose of receiving, storing and selling spirituous and malt liquors shipped to him by his

said principals from a foreign state, and received, stored, and sold by him in the original packages in which the same were consigned to him from a foreign state, and received by him in this state. (3) That under the laws of the state of North Dakota said premises in said complaint de-scribed cannot be adjudged a public nuisance by reason of said premises being occupied and used by said defendant Simon Fraser, as agent for George Benz & Sons, importers of spirituous and malt liquors, for the purpose of receiving, storing and selling the same, shipped to him by his said principals, so long as he receives, stores, and sells the same in the original packages in which said liquors are consigned to him by his principals from a foreign state, and in which he receives the same in this state. (4) That to justify the court in adjudging the premises a public nuisance it must be shown by clear and positive evidence that said premises were used by said defendant Fraser as a resort for drinking intoxicating liquors, and that such liquors were so drank on said premises, by and with his knowledge and consent. Let judgment be entered accordingly. By the court WILLIAM B. McCONNELL, Judge." Upon these findings a judgment of dismissal was entered.

By a *consensus* of judicial opinion, both state and federal, the question of whether a state, in the exercise of its power to conserve the public health and morals, may wholly prohibit the manufacture and sale of intoxicating liquors within its boundaries, is no longer debatable in the courts. It is equally well settled where a statute of a state prohibits the manufacture and sale of liquor, and declares that all places in the state where it is made or sold are common nuisances, and also authorizes a court of equity to abate such places as nuisances, and to enjoin the prosecution of such business by the ordinary procedure employed by courts of equity, that such legislation does not deprive any one of any rights guaranteed by the constitution of the United States. See Mugler v. Kansas and Kansas v. Ziebold, 123 U. S. 623, 8 Sup. Ct. Rep. 273; Kidd v. Pearson, 128 U. S. 1, 9 Sup. Ct. Rep. 6. No reason is given by the trial court for its judgment dismissing the action, other than a general statement to the effect that under existing law it is not unlawful

for a non-resident importer to keep a place of business in this state where intoxicating liquors are stored and kept for sale and sold, provided that the liquor thus stored and sold is in the original and unbroken package in which it was contained when shipped out of the state from which it came. This conclusion of the district court could only have been reached upon the assumption that the prohibitory liquor law of North Dakota is unconstitutional, and consequently void in so far as it prohibits the sale of imported liquor in the original cask or package in which the same is imported. In this, we think, the trial court was mistaken. Counsel for respondents, arguing in support of the judgment of the court below, cite the case of Leisy v. Hardin, reported in 135 U. S. 100, 10 Sup. Ct. Rep. 681, and contend that the case is decisive of the point in question. It is true that decision, when it was promulgated by the supreme court of the United States, was, with respect to the federal question involved in the case, decisive authority, and the doctrine enunciated by the decision, as the law then stood, would have protected a non-resident importer in the business of importing foreign or interstate intoxicants and selling them in the unbroken package in this state regardless of any state law or police regulation forbidding such sale. The decision rests upon and interprets the provision of the United States constitution, declaring that congress shall have power "to regulate commerce with foreign nations and among the several states;" the decision, in effect, holding that intoxicating liquor, when it came into the state as an article of foreign or interstate commerce, was within the limits of federal protection, and until a quantity of interstate or foreign liquor should be sold by the importer, and thus mingled with the mass of state property, it was not subject to seizure under the police regulations of any state. The court say: "Commerce between the states has been confided exclusively to congress by the constitution, and is not within the jurisdiction of the police power of the state, unless placed there by congressional action." Prior to this decision there had been no congressional action placing interstate intoxicants within reach of the police regulations of any state prior to their sale by the importer, and with respect to this the court say: "The absence of a law by congress

as to any article of commerce is equivalent to its declaration that the importation of that article into the states shall be unrestricted."

But subsequent to the decision of Leisy v. Hardin, and prior to the sales of liquor made by the defendants, congress took action in the premises, by passing an act commonly known as the "Wilson Law." This statute provides "that all fermented, distilled, or other intoxicating liquors transported into any state or territory, or remaining therein for use, consumption, sale, or storage therein, shall, upon arrival in such state or territory, be subject to the operation and effect of the laws of such state or territory enacted in the exercise of its police powers, to the same extent, and in the same manner, as though such liquor or liquids had been produced in such state or territory, and shall not be exempt therefrom by reason of being introduced therein in original packages or otherwise." Under this statute imported liquor, however introduced into the state, is placed under local control, to the same extent as liquors of domestic production. On crossing the boundry line of a state, the supreme authority has declared by this enactment that interstate liquor ceases to be an object of federal protection and control, and becomes mingled with the mass of property within the state, and, in common with all such property, is subject to local police regulations. It has been contended, but not in this case, that the Wilson bill is invalid, because it in terms delegates to the states the power to regulate interstate commerce in liquor, and thereby violates the provision of the federal constitution, which confers such power upon congress alone. Counsel in this case insist that the act, if valid, is only permissive to the states, and until a state has acted under it and passed new laws, or re-enacted existing statutes, that the provisions of the Wilson bill are inoperative, and that the pre-existing prohibitory legislation of the state is void as to imported liquor sold in the original package. This position is supported by a decision of the circuit court of the United States for the district of Kansas, in a decision rendered by Judges Philips and Foster. *In re* Rahrer, 43 Fed. Rep. 556. But precisely the opposite view is taken, and the validity of the Wilson law, and, also, of the pre-existing pro-

hibitory legislation of the state of Iowa, is fully sustained by able opinions promulgated by the circuit court of the United States for the southern district of Iowa, and also for the eastern district of Arkansas. The opinions are respectively by Judge Shiras and Judge Caldwell. They are reported in 43 Fed. Rep. 655, 761. We deem it unnecessary to quote the language or reproduce the reasoning of these cases. They are already familiar to the profession. It will suffice to state that we concur in the conclusions reached in the cases cited, and hold that the Wilson law is a valid enactment, and is not a delegation, but an exertion, of legislative power of congress. Such legislation only indicates the time and the event which determines when intoxicating liquor ceases to be an article of interstate commerce and becomes mingled with the mass of property in the state, and thereby subject to local control. We hold that the prohibitory law of the state as originally passed could not have been enforced against any imported liquor while the same remained within the protection of federal authority, and that in this respect the law continues unchanged. It cannot now be enforced as against any imported liquor which has not passed beyond federal protection. A majority of this court is of the opinion that both the Wilson law and the prohibitory law of this state are valid enactments, and that the final arbitrator of the question—the supreme court of the United States—will so rule at a day not distant; and we are unanimous in viewing this case as one in which a subordinate court should give the benefit of the doubt, if any, in favor of the constitutionality of the laws in question. To do so is only to observe a firmly-settled rule of statutory construction. Cooley, Const. Lim. 220.

We shall consider only one further question. It arises out of the fourth conclusion of law as found by the district court, which is as follows: "That to justify the court in adjudging the premises a public nuisance it must be shown by clear and positive evidence that said premises were used by said defendant Fraser as a resort for drinking intoxicating liquors, and that such liquors were so drank on said premises by and with his knowledge and consent." This is error. Section 13 of the act declares that "all places where intoxicating liquors are sold,

bartered, or given away, in violation of any of the provisions of this act, or where persons are permitted to resort for the purpose of drinking intoxicating liquors as a beverage, or where intoxicating liquors are kept for sale, barter, or delivery in violation of this act, are hereby declared to be common nuisances." It is quite plain from the language of the statute above quoted that Fraser's knowledge and consent as to the drinking on his premises was not an essential element. The place where the liquor was sold in violation of the statute was under the terms of the statute a common nuisance, whether such drinking was ·or was not permitted by Fraser. The state of South Dakota substantially copied the thirteenth section of the prohibition law of North Dakota, and the supreme court of that state has recently construed the same language, and reached the same conclusion. State v. Chapman, 47 N. W. Rep. 411. In the opinion, p. 415, the following language is used: "It is the illegal sale, or the illegal keeping of intoxicating liquors in a place, that makes it a common nuisance, and when either one or both are proven the offense is made out. The statute also provides that a place where persons are permitted to resort for the purpose of drinking intoxicating liquors as a beverage is also a common nuisance." It follows from the views above expressed that the judgment of the court below dismissing the action must be reversed and a new trial granted. It will be so ordered. All concur.

REPORTER: See Wilkerson v. Rahrer, 11 S. Ct. 865; Tredway v. Riley, 49 N. W. 268; Commonwealth v. Calhane, 27 N. E. 881; Tinker v. State, 8 So. 814.