## STATE v. THOMPSON.

1. By the provisions of Section 38, Article 5, of the state constitution it is necessary that all prosecutions "shall be carried on in the name and by the authority of the State of South Dakota." but it is not essential that an indictment shall contain a recital in terms that the prosecution is by the authority of the state. It is sufficient if the record shows that the prosecution is so conducted.

2. An indictment entitled in the name of the "State of South Dakota" as plaintiff against the person charged with a crime as defendant, reciting that it is found and presented to the court by a grand jury of the state in and for the proper county, duly and legally impaneled, charged, and sworn, and which concludes that the crime charged was committed against the peace and dignity of the State of South Dakota, and is signed by the state's attorney of the proper county, sufficiently shows that the prosecution is carried on in the name and by the authority of the state.

(Syllabus by the Court. Opinion filed June 26, 1893.)

Error to circuit court, Kingsbury county, Hon. J. O. AN-DREWS, Judge.

Nathaniel R. Thompson having been convicted of murder, brings error. Affirmed.

*A. B. Melville* and *A. E. Chamberlain*, for plaintiff in error.

All prosecutions should be carried on in the name of the state. Art. 5, § 38, Const.; State v. Hasledahl, 52 N. W. 317; Jefferson v. State, 7 S. W. 244; Saine v. State, 14 Tex. App. 144; Calverb v. State, 8 Tex. App. 538; Donnelly v. People, 11 Ill. 552; Gould v. People, 89 Ill. 216; Parris v. People, 76 Ill. 77.

If a juror has such an opinion as to repel the presumption of innocence on the part of the defendant, he is disqualified. People v. Barker, 27 N. W. 540; King v. State, 7 Ia. 750; Washington v. Commonwealth, 10 S. E. 419; Miller v. State, 45 N. W. 451; Carry v. State, 4 Neb. 548; Olin v. State, 49 N. W. 226; Onrus v. State, 7 N. W. 444; Cowan v. State, 49 N. W. 407;

State v. Beatley, 25 Pac. 899; Young v. Johnson, 25 N. E. 363; Rose v. State, 26 Pac. 264.

The legal presumption that the defendant was sane having been overcome it rested on the state to prove that fact. State v. Lowe, 5 S. W. 839; 1 Green. Ev. 342; 2 Bish. Crim. Proc. § 674; 2 Green. Ev. § 689; 1 Whart. Crim. Law, § 63; People v. Francis, 38 Cal. 183; Crouse v. Holman, 19 Ind. 30; Armstrong Lessees v. Tinmour, 3 How. 342; 1 Whav. & S. Med. Jur. § 61; Walker v. People, 88 N. Y. 88; O'Connel v. People, 87 N. Y. 380; Brotherlow v. People, 75 N. Y. 162; Smith v. Comm. 17 S. W. 868; Menhine v. Lightner, 18 Ill. 282; State v. Milner, 40 Wis. 304; Saxon v. Whitaker, 30 Ala. 237; Ripley v. Babcock, 13 Wis. 425.

*Coe I. Crawford, Attorney General,* and *Charles S. Whiting, State's Attorney,* for defendant in error.

When no exceptions are allowed and no bill settled, the supreme court on writ of error can pass only upon questions appearing on the face of the record. Chase v. State, 7 N. W. 376; State v. Newcomb, 9 N. W. 290; Lovell v. State, 45 Ind. 550; People v. Thompson, 28 Cal. 215; Harrison v. State, 29 Greene's, 270; People v. Ferguson, 34 Cal. 309; Hunler v. State, 101 Ind. 406; State v. James, 14 S. E. 361; State v. Hastie, 24 Pac. 953; Holland v. State, 31 N. E. 359; Massey v. State, 18 S. W. 299; State v. Seaton, 17 S. W. 169; Smith v. State, 19 S. W. 252; Marshall v. State, 23 N. E. 1141; State v. Chee Long, 21 Pac. 882.

The appellate court will not consider an appeal from a ruling as to change of venue or the selection of jurors, unless a bill of exceptions is submitted, setting out the evidence on which the court acted and duly reserving exceptions to the ruling. Hawk v. State, 4 So 283; Bartlett v. State, 111 Ind. 358; Stewart v. State, 16 N. E. 186; Frieley v. State, 9 S. W. 463; State v. Darrow, 2 So. 387; State v. McClentock, 14 Pac. 511; State v. Carr, 15 Pac. 603.

It is sufficient if the record shows that the prosecution is

conducted in the name of the state. Whar. Crim. Pl. & Pr. § 92; State v. Foster, 61 Mo. 549; People v. Bennett, 37 N. Y. 114; Lowell v. State, 45 Ind. 550; State v. Brooks, 94 Mo. 121; State v. England, 19 Mo. 386; State v. Nixon, 46 Am. Dec. 135; 10 Amer. & Eng. Ency. 487; §§ 7249 and 7520 Comp. Laws; State v. Furbeck, 29 Kan. 380; Ter. v. Egan. 3 Dak. 119; State v. Pengo, 28 N. W. 452; State v. Williams, 18 N. W. 682; Simmerman v. State, 21 N. W. 387; State v. Grey, 91 Nev. 212; White v. Railroad, 5 Dak. 508; Martin v. State, 21 Tex. App. 1; People v. Congleton, 44 Cal. 93.

A juror can only be challenged for actual bias. § 7359 Comp. Laws; People v. McGuade, 110 N. Y. 295; State v. Chapman, 1 S. D. 414.

If a juror's opinion will readily yield to the evidence the trial court should decide his qualification as a question of fact. State v. Cunningham, 100 Mo. 382; Gaine v. State, 8 Am. Crim. Rep. 19; Reynolds v. U. S. 98 U. S. 244; State v. Meaker, 3 Atl. 195; Anarchist's Case, 123 U. S. 131; Balbo v. People, 80 N. Y. 484; Johnson v. State, 21 Tex. App. 368; State v. Gariz, 8 So. 934; Maschell v. State, 22 Atl. 571.

When the entire evidence is not incorporated in the record, it will be presumed on appeal that the trial court neither erred in any of its rulings nor refused any instructions which were applicable to the facts of the case. Cummins v. People, 3 N. W. 305; State v. De Champs, 42 La. Ann. 567; State v. Donover, 10 Nev. 36.

Non-experts were properly allowed to answer as to whether they thought defendant sane or insane. State v. Lewis, 8 Am. Crim. Rep. 574; State v. Stockhouse, 24 Kan. 320; State v. Leehman, 49 N. W. 3; State v. Winter, 34 N. W. 476; Catrell v. Com. 17 S. W. 149.

CORSON, J. At the December term, 1892, of the circuit court of Kingsbury county the plaintiff in error was indicted

for the crime of murder tried, and convicted. The jury, by their verdict, having designated that the punishment should be death, he was thereupon sentenced to be executed as provided by law at the proper time. A demurrer was interposed to the indictment, one of the grounds of which was that the indictment did not state the facts necessary to show that the prosecution was ''carried on in the name and by the authority of the State of South Dakota.'' The demurrer was overruled, and subsequently, before sentence, a motion for a new trial and in arrest of judgment was made upon the same ground, among others, and was by the court overruled. No bill of exceptions was settled by the court below, and hence the only questions that can be considered by this court are those presented by the judgment record.

The learned counsel for the plaintiff in error contend that the demurrer to the indictment and the motion in arrest of judgment should have been sustained, and that the indictment is fatally defective in not stating that the said prosecution was carried on in the name and by the authority of the State of South Dakota, as provided by the constitution of this state, which reads as follows: Article 5, § 38: ''All process shall run in the name of the 'State of South Dakota.' All prosecutions shall be carried on in the name of and by authority of the 'State of South Dakota.' '' The indictment commences and concludes as follows: ''The State of South Dakota, County of Kingsbury—ss.: In circuit court, third judicial circuit. The State of South Dakota v. Nathaniel R. Thompson. Indictment. The grand jurors of the State of South Dakota in and for the county of Kingsbury, duly and legally impaneled, charged, and sworn, upon their oaths present that heretofore, to-wit, on the fourth day of july, in the year of our Lord one thousand eight hundred and ninety-two, at the village of Arlington, in the county of Kingsbury, in said State of South Dakota, one Nathaniel R. Thompson, late of said county of Kingsbury, and state aforesaid, did commit the crime of murder, committed as

follows: * * *. And so the grand jurors, aforesaid, upon their oaths aforesaid, do say that the said Nathaniel R. Thompson, her, the said Electa J. Bliton, in the manner aforesaid, unlawfully, purposely, feloniously, and of deliberate and premeditated design and malice did kill and murder, contrary to the form of the statute in such case made and provided, and against the peace and dignity of the State of South Dakota." The indictment was indorsed, "A true bill," and signed by the foreman of the grand jury and by the state's attorney for Kingsbury county. It will be observed that the indictment is entitled "State of South Dakota v. Nathaniel R. Thompson;" that it was found and presented to the court by a grand jury of said county, under the sanction and by the authority of the state's attorney. It would seem, therefore, to be a prosecution in the name and by the authority of the state, and that the indictment in form purports to be a prosecution in the name and by the authority of the state. It will be noticed that the constitution, while providing that the constitution shall be carried on in the name and by authority of the state, does not provide that it shall be stated in the indictment that it is carried on by authority of the state. If, therefore, the prosecution is in the name of the state, and carried on under the sanction of the proper officer of the state, namely, the state's attorney, we are of the opinion the constitutional provision is complied with, and that it is not necessary that the indictment shall state that it is found and presented by the authority of of the state.

The counsel for the plaintiff in error rely on the following authorities as supporting their contention; State v. Halsledahl, (N. D.) 52 N. W. Rep. 315; Jefferson v. State, (Tex. App.) 7 S. W. Rep. 244; Saine v. State, 14 Tex. App. 144; Calvert v. State, 8 Tex. App. 538; Gould v. People, 89 Ill. 216; Parris v. People, 76 Ill. 274. The case of State v. Hasledahl, decided by the supreme court of North Dakota, was a prosecution by information, and the information was not entitled in the name of the state. The court in that case says: "The information is

not entitled in an action in which the state appears as a party, nor in any action, nor does the information aver in terms or indirectly that the defendant is prosecuted either in the name or by authority of the state. * * * But in the case at bar the omission to state either directly in the information, or indirectly by means of entitling it in an action, that the prosecution of the case is carried on in the name of the state, and by its authority, is nothing less than a plain violation of the explicit mandate of the state constitution." It is quite clear from the language of that learned court that, had the information been properly entitled in the name of the state, it would have been held sufficient, as it was signed by the acting state's attorney. This case cannot, therefore, be authority for holding that an indictment found by a grand jury, properly entitled in the name of the state, and properly signed by the state's attorney, is insufficient. The cases cited from the supreme court of Texas do not sustain the counsel's contention, for the reason that by the statute law of Texas, when the decisions cited were made, indictments and informations were themselves required to state specifically that the prosecution was carried on in the name of and by the authority of the state. In Jefferson v. State, *supra*, decided by the Texas courts of appeals in 1888, the court, in passing upon a criminal complaint, says: "It is contended that, inasmuch as it is both statutory and constitutional that 'all prosecutions shall be carried on in the name and by the authority of the State of Texas,' * * * it is essential to its validity that it should be commenced in the name and by the authority of the State of Texas. Our statute prescribing the requisites of a complaint does not require the use of these words, as is done in regard to the requisites for indictments and informations. * * * A similar provision to the one quoted above from our present constitution will be found in the constitution of the republic of Texas. * * * Construing that provision, * * * Justice WHEELER, in the early case of Drummond v. Republic of Texas, 2 Tex. 156, says: 'No prescribed form of words is necessary

in order that the presecution be "carried on in the name and by authority of the Republic of Texas." It is enough that the prosecution is conducted by the proper law officers, acting under the authority and conducting the prosecution in the name of the government.' As we have seen, our statute requires that informations and indictments shall contain the words, 'in the name and by the authority of the State of Texas.' This is made, in fact, the first requisite to those instruments." We have quoted quite largely from this decision, as it fully explains the later Texas decisions, and shows that they were based solely upon statutory provisions, and not upon the state constitution, which seems, upon this subject, to be an exact copy of our own. We have examined the two Illinois cases cited, but they do not seem to us to sustain the contention of counsel for the plaintiff in error. Mr. Wharton, in his work on Criminal Pleading and Practice, (9th Ed.) § 92, says: "The formal statement in the indictment that it was found by the authority of the state, is not necessary if it appear from the record that the prosecution was in the name of the state." Greeson v. State, 5 How. (Miss.) 33; State v. England, 19 Mo. 386; State v. Brooks, 94 Mo. 121, 7 S. W. Rep. 24; People v. Bennett, 37 N. Y. 117; Savage v. State, 18 Fla. 909. In the latter case the indictment for the crime of murder upon which the parties were convicted commenced as follows. "In the Name of the State of Florida: The grand jurors, good and lawful men of Madison county, State of Florida, duly chosen, * * *" and it was signed "John F. White, State's Attorney for the Third Judicial Circuit of the State of Florida, Prosecuting Attorney for said State." In the opinion the court says: "Thus it appears that the indictment is presented by the grand jurors of Madison county, State of Florida, chosen to inquire for the body of said county in the said circuit and state, and they have presented the defendants, and charged them with the crime of murder in due form. They make the presentment in the name of the state. The constitution says all prosecu-

tions shall be conducted in the name and by the authority of the state. It is not required that the indictment on its face shall say in words that it is 'prosecuted in the name and by the authority' of the state. It merely directs that the state in its name, and by its authority, shall control the prosecution. It is sufficient that the court shall recognize the state and its authority, and no other party or authority, in such prosecutions, and that the proceedings are so conducted, and the records show it."

We are of the opinion that upon both principle and authority it sufficiently appears in the case at bar. from the indictment and the endorsements thereon that the "prosecution was carried on in the name and by the authority of the State of South Dakota," and that the court committed no error in overruling the demurrer and motion in arrest of judgment. As no other alleged error in the record has been called to our attention, the judgment of the court below is affirmed. The case is remanded to the circuit court of Kingsbury county, with directions to that court to carry the judgment into effect according to law. All the judges concurring.