## STATE *vs.* THEODORE F. KERR.

Opinion filed February 19th, 1894.

**Indictment "In the Name and by the Authority of the State."**

> Where an indictment is properly entitled "*State of North Dakota* v. *A. B,*" and shows on its face that it was properly presented by "the grand jury of the State of North Dakota in and for the County of Griggs," it sufficiently appears therefrom that the prosecution is carried on in the name, and by the authority, of the State of North Dakota.

**Intoxicating Liquor—"Sell and Give Away."**

> An indictment that charges "that at said time and place the said A. B. did sell and give to one C. D., as a beverage, certain intoxicating liquors, to-wit, one-half pint of whisky," is not bad for.duplicity. It is a general rule that where a statute mentions several things disjunctively as constituting one and the same offense, all punishable alike, and the whole may be charged conjunctively in a single count, as constituting a single offense.

**Election Between Offenses.**

> When the evidence showed more than one sale of whisky by the defendant to the person named in the indictment within one year prior to the finding of the indictment, and when the witness could not fix the date of any particular sale, it was not error in the trial court to refuse to require the prosecution to elect upon which specific sale it relied for conviction.

Error to District Court, Griggs County; *Rose*, J.

Theodore F..Kerr was convicted of selling intoxicating liquors unlawfully, and brings error.

Affirmed.

*Taylor Crum* for plaintiff in error.

The prosecution is not carried on in the name and by the authority of the State of North Dakota. Section 97, Art. 4 Const. *Saine* v. *State*, 14 Tex. App. 144; *Hay* v. *Peo.*, 59 Ill. 95; *Cox* v. *State*, 34 Am. Rep. 746; *State* v. *Hazeldahl*, 2 N. D. 521.

The indictment charges both the sale and giving away in one count and therefore charges more than one offense, and is not direct and certain as regards the particular circumstances of the offense charged. *State* v. *Pischel*, 20 N. W. Rep. 848; *Smith* v. *State*, 48 N. W. Rep. 823; *State* v. *Henn*, 40 N. W. Rep. 564; *Peo.* v. *Dumar*, 13 N. E. Rep. 327; *State* v. *Vorey*, 43 N. W. Rep. 324; *State* v. *Smith*, 2 N. D. 515.

*W. H. Standish, Atty Gen'l* for defendant in error.

The indictment may charge the commission of the several acts conjunctively and as constituting altogether one offense. *State* v. *Bielby*, 21 Wis. 206; *Davis* v. *State*, 100 Ind. 154; *Fahnestock* v. *State*, 102 Ind. 156; *Clifford* v. *State*, 29 Wis. 327; *Brown* v. *Com.* 8 Mass. 59; *Peo.* v. *Casey*, 72 N. Y. 393; *Com.* v. *Dolan*, 121 Mass. 374; *Barnes* v. *State*, 20 Conn. 232; *State* v. *Schweitzer*, 27 Kan. 499.

BARTHOLOMEW, C. J. This was a prosecution by indictment for a violation of the statute prohibiting the sale of intoxicants. The indictment was in the following words: "State of North Dakota, County of Griggs—ss.: District Court, Fifth Judicial District. *The State of North Dakota* v. *Theodore F. Kerr.* Indictment. The grand Jury of the State of North Dakota in and for the County of Griggs upon their oaths present that heretofore, to-wit: on the first day of May, in the year of our Lord one thousand eight hundred and ninety-three, at the County of Griggs, in said State of North Dakota, one Theodore F. Kerr, late of said County of Griggs and state aforesaid, did commit the crime of unlawfully selling and giving away intoxicating liquors as a beverage, committed at follows, to-wit: That at said time and place the said Theodore F. Kerr did sell and give to one Julius Stevens, as a beverage, certain intoxicating liquors, to-wit, one-half pint of whisky." This was duly signed by the foreman of the grand jury and the state's attorney, and presented in open court May 11, 1893. The defendant filed the following demurrer to the indictment, ommitting title: "Now comes the defendant, and demurs to the indictment filed herein on the 11th day of May, 1893, for

the reason that the same does not state facts necessary to consti-
tute a public offense; and for the further reason that the same is
not in concise and ordinary language, sufficient to apprise the
defendant of the exact nature of the charge against him; and for
the further reason that the prosecution does not, on its face,
purport to be carried on in the name, and by the authority, of
the State of North Dakota." The demurrer was overruled, and
exception saved. A subsequent motion to quash raised the point
that defendant was not apprised by the indictment whether he
was charged with selling or giving away intoxicants, and that he
was charged with both. This motion was also overruled, and
exception saved. The trial resulted in a verdict of guilty, and
defendant sued out a writ of error from this court.

It is first urged by plaintiff in error that it does not appear from
the indictment that the prosecution is carried on "in the name
and by the authority, of the State of North Dakota," as required
by § 97 of the state constitution. We had occasion to discuss the
provision in *State* v. *Hazledahl*, 2 N. D. 527, 52 N. W. 315, and we
call attention to the authorities there cited. In that case we
said: "The information is not entitled in an action in which the
state appears as a party, nor in any action; nor does the informa-
tion aver in terms or indirectly, that the defendant is prosecuted
either in the name, or by authority of the state;" and this was
held to be "a plain violation of the explicit mandate of the state
constitution." But an inspection of the indictment in this case
discloses that it supplies the specific defects which led us to hold
the information bad in the Hazledahl case. By § 7241, Comp.
Laws, the title to the action, "specifying the names of the
parties," is made a part of the indictment. Hence it appears from
the indictment that the prosecution is in the name of the state,
and by the state, which means by the authority of the state.
Further, the indictment is presented by "the grand jury of the
State of North Dakota in and for the County of Griggs." It thus
appears, indirectly but certainly, that the prosecution was carried
on in the name, and by authority, of the state. That is all that

the constitutional provisions requires. It is not necessary that such facts should be specifically recited. See *State* v. *Thompson*, (S. D.) 55 N. W. 725, where, under the same constitutional provision, an indictment indentical with the one in this case on the point in question was sustained.

The second assignment of error presents the point, both under the demurrer and motion to quash, that the indictment charged in the same count both selling and giving away, and was therefore not direct and certain as regards the particulars of the offense charged, and was bad for duplicity. Section 7244, Comp. Laws, declares that the indictment must charge but one offense. Does this indictment charge more? We think not. Section 1, Ch. 110, Laws 1890, reads as follows: "Any person, association or corporation, who shall, within this state, directly or indirectly, manufacture any spirituous, malt, vinous, fermented or other intoxicating liquor, or shall import any of the same for sale, or gift as a beverage, or shall keep for sale, or sell, or offer for sale or gift, barter or trade, any of such intoxicating liquors, as a beverage, shall for the first offense be deemed guilty of a misdemeanor, and upon conviction thereof, shall be fined in any sum not less than two hundred (200) dollars nor more than $1,000, and be imprisoned in the county jail not less than ninety days nor more than one year; and for the second and every successive offense, shall be deemed guilty of a felony, and be punished by imprisonment in the state's prison for a period not exceeding two years and not less than one year; provided, that registered pharmacists under the laws of this state may sell intoxicating liquors for medicinal, mechanical, scientific, and wine for sacramental purposes as hereinafter provided." Under this statute the offense may be committed in several different methods, but these methods are stated in the disjunctive. The indictment charges that the defendant "sold and gave." It is said in Bishop on Criminal Procedure, (volume 1, § 436:) "It is common for a statute to declare that if a person does this, or this, or this he shall be punished in a way pointed out. Now, if, in a single transaction,

he does all these things, he violates the statute but once, and incurs only one penalty. Yet he violates it equally by doing one of the things. Therefore, an indictment upon a statute of this kind may allege, in a single complaint, that the defendant did as many of the forbidden things as the pleader chooses, employing the conjunction 'and' where the statute has 'or' and it will not be double, and will be established at the trial by proof of any one of them." In *State* v. *Bielby*, 21 Wis. 204, the complaint charged that the defendant did vend, sell, deal and traffic in, and give away spirituous and intoxicating liquors, etc. The court said: "It is objected that the complaint is bad for duplicity because the several acts named in the statute, if charged separately, would each constitute a distinct offense. This may be so, but still the complaint is not double. An indictment in such case may pursue language of the statute charging the commission of the several acts conjunctively, and as constituting altogether one offense, in which case there can be but one conviction and one punishment, as for one offense." In *Com.* v. *Dolan*, 121 Mass. 374, the court said: "Whether the defendant exposes or keeps for sale, or both keeps and exposes it, is but one offense, and a complaint charging both is good, and is supported by proof of either." See, also, *Clifford* v. *State*, 29 Wis. 327; *State* v. *Schweiter*, 27 Kan. 499; *People* v. *Casey*, 72 N. Y. 393; *Com.* v. *Atkins*, 136 Mass. 160; *Davis* v. *State*, 100 Ind. 154, and *Fahnestock* v. *State*, 102 Ind. 156, 1 N. E. 372. If this sound and salutary principle was less firmly established by the decisions, we should be required to apply it in this case, because § 17 of the prohibition act declares that the giving away of intoxicating liquors shall be deemed an unlawful selling, within the provisions of the act. The indictment charges nothing more than a selling under the statute, and would be sustained by proof of either a technical sale or a gift.

Plaintiff in error further urges that it was error to allow the state to prove separate and distinct acts, when only one act was charged, and upon defendant's request the state should have been required to elect upon which act it relied. The learned counsel

relies upon *Boldt* v. *State*, 72 Wis. 7, 38 N. W. 177; but in that case the evidence covered sales at different dates, to different parties, of different intoxicants, and the court charged: "If you are satisfied by the evidence, beyond a reasonable doubt, that the defendant did, * * * on the 10th day of May, or the 11th day of June, 1886, or at any day between these two days, sell to any one, deal in to any one, vend to any one, or give away to any one, with intent to evade the law of this state, spirituous, malt, ardent, or intoxicating liquors or drinks, your verdict should be guilty." The Supreme Court of Wisconsin refused to sustain a conviction under these circumstances. But the facts in the case at bar are very different. There was but one witness sworn for the state, and that was the party to whom it was charged the plaintiff in error sold half a pint of whisky. There was no evidence showing sales to any other party, or of any different kind or quantity of liquor. The charge of the court was confined to a sale to that specific party, of that specific kind and quantity of liquor, but was not specific as to the time of the sale, the court charging that, if the sale was made within one year prior to the finding of the indictment, that was sufficient. The date of the sale, while placed within a year, was not definitely fixed by the evidence. But the evidence did tend to show that the witness procured whisky of plaintiff in error on more than one occasion during the year. Plaintiff in error is a physician, and proprietor of a drug store. The witness says that he sometimes purchased the whisky on a prescription from the plaintiff in error, and sometimes without such prescription. The witness was unable to state any specific dates. Under these circumstances we think the refusal of the trial court to require the prosecution to elect the particular sale upon which it would rely for conviction was not error. Such a requirement, if it had any effect, would tend directly to defeat justice. Plaintiff in error knew, when the indictment was read to him, that it would be sustained by proof of the sale of one-half pint of whisky to Julius Stevens at any time within a year prior to the finding of the indictment. He must be prepared to meet

and .repel evidence of such sales. He cannot plead surprise. Moreover, we think a conviction in this case will bar any other prosecution against plaintiff in error for the sale of whisky to Julius Stevens at any time prior to the finding of the indictment herein. See *State* v. *Smith*, 22 Vt. 74; *State* v. *Crimmins*, 31 Kan. 376, 2 Pac. 574. This latter case is an exact precedent for our holding. That opinion embraces two cases. The evidence showed different sales to different parties in each case. The court required the prosecution to elect as to the person to whom the sales were made, and the prosecution did so elect. But the evidence showed different sales to the person thus selected. The defense then sought to compel the prosecution to elect upon which of several sales of particular liquor to a specific person it would rely for conviction. This the court refused to do; and the Supreme Court of Kansas, in sustaining the ruling, after advert- ing to the general doctrine requiring an election, said: "But, while the prosecution is required to elect in such cases, he is required to elect only in furtherance of justice, and the rule is never carried to the extent of working injustice. A court in such cases has some discretion, and it should exercise that discretion in the interests of justice. In the present case the court required the prosecution to elect, and he did elect, but he failed to make the election as definite and certain as the defendant desired. In each case the election was to rely for conviction upon a sale of whisky, in one case made by the defendant to George Dunham, and in the other case made by the defendant to William Thornton. In either case the only thing indefinite or uncertain was the date of the sale; but the prosecutor could not have made the election much more definite in this particular, for the evidence itself was. not as definite as it ought to have been. The defendant in each case was informed by the information, the evidence, and the election, taken together, with respect to the person to whom the liquor was sold, the place where sold, and time when sold, though the time was not fixed very definitely, and the liquor claimed to

N, D, R,—34,

have been sold was whisky.   \*  \*  \*.  We think the election of the county attorney, under the circumstances of the present case, was sufficient."

Lastly, it is claimed that the verdict lacks support in the evidence. We think otherwise. It would be useless to reproduce the testimony, but we think the verdict has support both in the testimony of the state and in that of plaintiff in error himself when on the stand. Finding no error in the record, the judgment is affirmed.

CORLISS, J., concurs.

WALLIN, J., (concurring specially.)   I concur with my associates in affirming the judgment of conviction. Defendant, upon being arraigned, interposed a demurrer to the indictment upon the grounds stated in the opinion of the Chief Justice; but defendant omitted to demur either upon the ground that the indictment charged more than one offense, or upon the ground that it was not direct and certain as regards the offense charged, or the particular circumstances of the offense charged. Both of said omitted objections are available to a defendant, and may be raised by demurrer, (Comp. Laws, § § 7292, 7242, and subd. 2, § 7249;) but both of said objections are waived by omitting them from a demurrer interposed, or by a failure to demur at all, (Comp. Laws, § 7300.) The trial court having overruled defendant's demurrer to the indictment, defendant was permitted to file a motion to quash and set aside the indictment upon precisely the same two grounds of demurrer, which, as already said, were not assigned as causes of demurrer, but were omitted from the demurrer. The motion to quash was, for reasons which are manifest, properly overruled. The objections came too late, and did not come in proper form. Under the system of criminal practice and procedure existing in this state, there is no room or place for a motion to quash or set aside an indictment or information upon any ground which is available by demurrer, and no such motion should be allowed at any time, and especially should not be

allowed after a demurrer has been overruled. Before demurring to an indictment, certain enumerated objections thereto, and perhaps others, may be raised by motion to set aside; but, if such motions are overruled, the statute expressly requires the defendant to either demur or plead "immediately." Comp. Laws, § § 7283, 7286. After a verdict of guilty, the defendant interposed a motion in arrest of judgment, and, among other grounds of such motion, assigned the same grounds above referred to as being omitted from the demurrer, and afterwards incorporated in defendant's motion to set aside and quash. The motion in arrest of judgment was denied, and the ruling is assigned as error. The ruling certainly was not error as to the two objections omitted from the demurrer. The objections were not available upon a motion in arrest of judgment. Defendant could waive such objections, and had waived them, by failing to assign such objections as causes of demurrer to the indictment. Comp. Laws, § 7452. It is clear that the indictment contained a statement of facts sufficient to constitute a public offense; and I think it further clearly appears that the prosecution was conducted in the name, and by the authority, of the State of North Dakota. Defendant did not except to any feature of the instructions given to the jury, and after a careful reading of such instructions I am convinced that the law applicable to the case was clearly and fairly stated to the jury. There is, in my judgment, ample evidence in the record to sustain the verdict.

(58 N. W. Rep. 27.)

NOTE:—Where there were two counts in an indictment, one for giving away, and the other for selling spirituous liquors, a verdict of guilty was sustained. *Bruguier* v. *United States*, 1 Dak. 5, 46 N. W. Rep. 502. It is not necessary to describe in the indictment the premises where liquor is sold, the person to whom sold, or the particular kind or quality of liquor sold. *Peo.* v. *Sweetser*, 1 Dak. 295, 46 N. W. Rep. 452. Upon the conviction of two or more jointly indicted for the sale of intoxicating liquor the judgment must be several against each for the full penalty. *Peo.* v. *Sweetser*, 1 Dak. 295, 46 N. W. Rep. 452. The evidence of one witness that he purchased whisky, is sufficient to sustain a conviction. *Territory* v. *Pratt*, 6 Dak. 483. For decisions under "Local Option Law" see *Territory* v. *Pratt*, 6 Dak. 483; *Territory* v. *O'Connor*, 5 Dak. 397.

Article 20 of the state constitution is not self executing. *State* v. *Swan*, 1 N. D. 5, 44 N. W. Rep. 592. This article was legally adopted as part of the constitution.

*State* v. *Barnes*, 3 N. D. 319, 55 N. W. Rep. 883. The "Prohibition Law" Ch. 110, Laws 1890, is not in conflict with § 61, Art. 2 of the constitution which provides that "No bill shall embrace more than one subject which shall be expressed in its title." *State* v. *Haas*, 2 N. D. 202, 50 N. W. Rep. 254; *State* v. *Barnes*, 3 N. D. 319, 55 N. W. Rep. 883. This act was legally passed and does not inflict cruel and unusual punishments. *State* v. *Barnes*, 3 N. D. 319. By an opinion of the Supreme Court of the United States filed April 28th, 1890—it was held that imported liquors remaining unsold in the original packages in the hands of the importer were not subject to the jurisdiction of the state by reason of the commerce clause of the federal constitution. *Leisy* v. *Hardin*, 135 U. S. 100, 10 Sup. Ct. Rep. 681. In August, 1890, the "Wilson Bill" was approved. It provides that intoxicating liquors taken into any state are to be subject to the laws of such state, not exempting original packages. 26 Stat. L. 313 Supp. Rev. St. U. S. 779. This is a valid enactment and not a delegation of legislative power. . No new act of the legislature is required to put this law in force within the state. *State* v. *Frazer*, 1 N. D. 421, 48 N. W. Rep. 343; *in re* Speckler, 43 Fed. Rep. 653; *in re* Van Vleit, 43 Fed. Rep. 761.