## The People of the State of Illinois, Defendant in Error, v. J. W. Martin, Plaintiff in Error.

1. INFORMATIONS—*when insufficient.* A count of an information which charges that defendants, J. W. Martin and Marie Watson, being unmarried persons, lived together in an open state of fornication and adultery contrary to the statute, does not set forth facts constituting the statutory offenses since it is not averred that defendants are a man and a woman.

2. INFORMATION—*form.* An information charging adultery and fornication should be carried on in the name and by the authority of the People of the State of Illinois and conclude against the peace and dignity of the same.

3. ADULTERY—*defined.* Adultery is sexual intercourse of a married person with a person other than the offender's husband or wife.

4. ADULTERY—*when people must prove that defendant is married.* Where counts of an information charging defendant with adultery aver that defendant is a married person, the People must prove that averment.

Error to the County Court of Adams county; the Hon. LYMAN McCARL, Judge, presiding. Heard in this court at the October term, 1912. Reversed and remanded. Opinion filed March 18, 1913.

FRED G. WOLFE and WILLIAM SCHLAGENHAUF, for plaintiff in error.

JOHN T. GILMER and ARTHUR R. ROY, for defendant in error.

MR. PRESIDING JUSTICE THOMPSON delivered the opinion of the court.

An information consisting of two counts was presented to the county court of Adams county at the May term, 1912, against J. W. Martin and Marie Watson. Leave was given to amend the information and to file an additional count. The first count as amended charges the defendants "did then and there live together in an open state of fornication the said J. W. Martin and Marie Watson being then and there each and both of them single and unmarried persons, to the evil example of others in like cases offending contrary to the form of the statute," etc.

The second count, as amended, charges that J. W. Martin and one Marie Watson did then and there live in an open state of adultery and fornication: "the said J. W. Martin being then a married male person and the said Marie Watson being then and there a single and unmarried female person and prays due process of law to make them answer to the said People of the State of Illinois."

The transcript of the record made by the clerk as filed in this court contains no other count. The bill of exceptions however contains an additional count substantially in the language of the second count.

J. W. Martin was the only defendant arrested. The plaintiff in error by counsel made a motion to quash the amended information and each count thereof, which was overruled. A jury was waived and the case was tried by the court without a jury. The court found "the defendant guilty in manner and form as in said information charged," and sentenced him to be imprisoned for six months.

The statute (section 45 of the Criminal Code) provides: "If any man and woman shall live together in an open state of adultery, or adultery and fornication, every such person shall be fined not exceeding $500 or confined in the county jail not exceeding one year."

The first count contains no averment as to the sex of either J. W. Martin or Marie Watson. Even if there is a presumption as to Marie Watson from the Christian name, there can be no presumption from the initials of J. W. Martin, hence from anything that appears in that count the defendants may be both of the same sex. Adultery and fornication are statutory offenses. The alleged offenses are not charged in the language of the statute since the defendants are not averred to be a man and a woman. The count does not set forth facts constituting a statutory offense. *Johnson v. People,* 113 Ill. 99; *Cochran v. People,* 175 Ill. 28. The court erred in overruling the motion to quash the first amended count.

The second count and the additional count conclude with a prayer for process "to make them answer to the People of the State of Illinois touching and concerning the premises aforesaid." "Such an information like an indictment should be carried on in the name and by the authority of the People of the State of Illinois and conclude against the peace and dignity of the same." Const. art. VI, sec. 33; *Gould v. People,* 89 Ill. 216; *Parris v. People,* 76 Ill. 274.

The second and additional counts charge the plaintiff in error, J. W. Martin, with the crime of adultery. Adultery is sexual intercourse of a married person with a person other than the offender's husband or wife. Counsel for the People cite authority that an accused person is presumed to be single and unmarried. *Gaunt v. State,* 50 N. J. Law, 490. These counts aver that plaintiff in error is a married man. It was necessary to prove that averment. 1 Am. & Eng. Ency. of Law, 756 and cases cited. There is not a scintilla of evidence in the record tending to show that

plaintiff in error was a married man. The conviction cannot be sustained on either the second or additional counts for lack of necessary proof. The judgment is reversed and the cause remanded.

*Reversed and remanded.*