CLEARY *v.* STATE.

Opinion delivered April 23, 1892.

1. *Sabbath breaking—Indictment.*

An indictment, under section 1883 of Mansf. Dig., for laboring on the Sabbath, is sufficient if it charges the offense in the language of the statute, negativing that the labor comes within the exception named therein.

2. *Sunday labor—Putting in telegraph instruments—Work of necessity.*

A conviction of laboring on Sunday will not be set aside where the evidence establishes that defendant, a telegraph line repairer in the employ of a railway company, selected that day to put in new instruments at a station because it was necessary to disconnect the wires at that point, and there were fewer trains running, and consequently less danger of collision, than at any other time ; to make out a defense it should also have been shown that the trains could not, without serious inconvenience, have been stopped on another day than Sunday, if necessary, long enough to permit the work to be done.

Appeal from Pope Circuit Court.

J. G. WALLACE, Judge.

*Dodge & Johnson* and *C. B. Moore* for appellant.

1. The indictment is defective in failing in any manner to specify what the "laboring" consisted of. Mansf. Dig. sec. 2121, par. 2.

2. The work done was a *work of necessity,* and clearly falls within the spirit of the exceptions contained in our statute. Mansf. Dig. secs. 1883, 1885, 1888 ; 80 Ky. 291 ; Whart. Cr. Law, sec. 1431 (*b*); 34 Pa. St. 398 ; 4 Cush. (Mass.) 243 ; 6 Mass. 76 ; 143 *id.* 28 ; 4 O. St. 566 ; 33 Ind. 416 ; 67 Ind. 588 ; *ib.* 595 ; 79 *id.* 393 ; 20 Ark. 289 ; 31 Ark. 520.

*W. E. Atkinson,* Attorney General, and *Chas. T. Coleman* for appellee.

1. The indictment follows the language of the statute. That is sufficient. Mansf. Dig. sec. 1883; 47 Ark. 476.

2. It is admitted that the labor does not come within the letter of the exception. Nor does it come within the spirit, so far as can be ascertained from the language of the exception. Our statute prohibits *laboring*, and there is no exception of works of necessity but only household duties. The cases cited by appellant are based upon statutes excepting "works of necessity," etc. In this case no *necessity* ever was shown for doing the work on the Sabbath, which could as well have been done on another day. See 29 Ark. 400.

HUGHES, J. Section 1883 of Mansfield's Digest, for a violation of which the appellant was indicted, is as follows: "Every person, who shall, on the Sabbath or Sunday, be found laboring, or shall compel his apprentice or servant to labor or to perform other services than customary household duties, of daily necessity, comfort or charity, on conviction thereof, shall be fined one dollar for each separate offense." The indictment charges the offense in the language of the statute, negativing that the labor performed by the defendant came within the exception contained in the statute. The indictment is sufficient.

1. Sufficiency of indictment for laboring on Sabbath.

By consent the cause was tried by the court sitting as a jury. The facts are as follows, as agreed upon by the parties: "On a certain Sunday or Sabbath within twelve months next before the date of the finding of the indictment against the defendant, the said defendant, Cleary, in the County of Pope, in the State of Arkansas, was found laboring and did labor and work in and about a certain building in the town or village of London, in putting in telegraph instruments and establishing a telegraph office in said town of London; that said defendant, Cleary, is a telegraph line repairer and laborer on

2 What are works of necessity.

the line of the Little Rock & Fort Smith railway, and his business is to repair the telegraph lines when broken and to put in new instruments and the establishing of new telegraph offices; and that he is in the employment of the railroad telegraph department and works, under the direction and control of said department. That all the movements and running of all the railway trains, both passenger and freight, are directed by telegraph so as to prevent collision. That there are fewer trains running on the Little Rock & Fort Smith railway on the Sabbath day than on the other days of the week, and the defendant, having been ordered and directed to put in the instruments and to establish a new telegraph office at the town of London, chose and selected the Sabbath day to do the work, for the reason that, in putting in the telegraph instruments in the new office, it was necessary to disconnect the telegraph lines at the point where he was working, so that, during the time he was thus working and had the lines cut or disconnected, no message could be transmitted over the telegraph lines past the town of London either way; and that the defendant chose the Sabbath day to do the work, for the reason that, there being fewer trains on the railroad on the Sabbath, there was less danger of collision occurring by reason of the lines being cut or disconnected as above stated, and that thus the safety of passengers and employees on the trains was better secured than if he had chosen some other day to do the work."

The court declared the law as follows: "It is not unlawful to keep open on Sunday telegraph offices on established telegraph lines and transmit messages over the same, but telegraph companies cannot employ Sunday as a day for establishing new telegraph lines or for putting in new offices on lines already established. The defendant, servant of the company, adopted Sunday as a

day to put in a new office on a telegraph line, and is therefore guilty as charged in the indictment."

There was no error in the court's declaration of the law. Was the declaration sustained by the proof? "The exceptions in a penal statute, which are required to be negatived, are such as are so incorporated with and a part of the enactment, as to constitute a part of the definition or description of the offense." *State* v. *Abbey*, 29 Vt. 60. Not all labor on the Sabbath is forbidden by the statute, but only that which is in the performance of customary household duties, of daily necessity, comfort or charity. Such labor, not in the discharge of household duties, as is a necessary incident to the accomplishment of a lawful purpose is not a violation of the statute. *Crocket* v. *State*, 33 Ind. 416. It is a general rule that that which must be stated as a part of or a necessary description of a penal offense in an indictment must be proven by the prosecutor. It is a general rule of evidence that where the negative of an issue does not permit direct proof, or where the facts come more immediately within the knowledge of the defendant, the *onus probandi* rests upon him. The State, for instance, is not required to prove that one who sells spirituous liquors has no license. When the State made a *prima facic* case in the cause at bar by proving that the defendant performed labor on Sunday not apparently a work of necessity, the burden was then upon the defendant to show that the labor was a work of necessity, that his case came within the exception in the statute. *Fleming* v. *People*, 27 N. Y. 334.

It does not appear that the trains on the railway might not have been stopped on another day than Sunday, if necessary, long enough to have permitted the work to be done without serious delay, inconvenience or hindrance in running its trains.

The facts as agreed upon fail to show a necessity for doing the work on Sunday. Mere inconvenience is not a necessity.

The judgment is affirmed.