E. R. STREETER v. CITY OF MARSHALLTOWN, Appellant.

**Streets: NEGLIGENCE:** Leaving a ridge of dirt sixteen inches
1   high and four or five feet wide at the bottom, in the center of
    a well traveled street, is negligence on the part of a city.

**Negligence.** Where one driving along a traveled street about dark
2   crosses from the right to the left side to avoid a rapidly ap-
    proaching hose cart and is injured in so doing, he is not
    thereby guilty of negligence as a matter of law.

**New Trial: MISCONDUCT.** In actions for personal injuries, evi-
3   dence of similar accidents are inadmissible, and where the
    same may be inferred from the examination of a witness and
    prejudice results, a new trial will be granted.

**Argument: MISCONDUCT.** Where no exception to argument is taken
4   at the time, giving the trial court an opportunity to correct
    the error, a reversal will not be ordered unless prejudice
    clearly appears.

*Appeal from Marshall District Court.*—HON. OBED CAS-
WELL, Judge.

WEDNESDAY, APRIL 6, 1904.

ACTION for damages, in which judgment was recovered.
The defendant appeals.—*Affirmed.*

*C. H. Van Law* for appellant.

*J. M. Whitaker* and *J. M. Parker* for appellees.

LADD, J.—On the 8th day of November, 1901, at about
7:30 o'clock p. m., the plaintiff was driving a horse, hitched
to a light, two-wheeled cart, along the north side of Linn
street (or, as some witnesses say, on the south side), in the
defendant city, in a westerly direction. When about two
rods from the intersection with Seventh avenue, he heard or
saw a hose cart coming at full speed on said avenue, and

turn the corner down Linn street, on its way to a fire on Eighth street. He testified: "As soon as it turned the corner, it was coming toward me, and so I went across the street to get away from it. I think it was coming at about a four-minute clip; anyway. I crossed the ridge in the street to the south. As I crossed the ridge in the street I felt the left wheel go up, and when it went down on the other side of the ridge the other wheel went up, and I was thrown out of my cart, and struck the side of the gutter on my left side." Linn street is sixty feet wide, of which six feet on each side is used for sidewalks, and from eight to ten feet on each side for parking, leaving a strip about thirty-two feet wide for travel by vehicles. Along the center of the street, from Fourth to Eighth avenues, a sewer had been placed, shortly before; and, in filling the excavation, a ridge of dirt had · been left, variously estimated by the witnesses, though the jury might have found the top of it sixteen inches above the ordinary contour of the street, and the bottom only four or five feet wide. No argument is required to show that in leaving such an obstruction in the center of a well traveled street, with no signals of warning, the city may have been negligent. We do not understand appellant to question this, but to insist that plaintiff was conclusively shown to have been at fault. But this is not so. True, he was driving on the right side of the street, as the . city ordinance required, and thereunder it was the duty of vehicles coming from the opposite direction to take the other side. But this ordinance did not prevent any one from crossing the street to avoid danger. That plaintiff apprehended this from the appproach of the hose cart, there can be no doubt.

1. STREETS: negligence.

The appellant insists, however, that he ought to have known better, and especially that the cart would take the south side of the street, and leave him unmolested, as it was coming from the west, and could not make a short turn, but must necessarily have gone across the street diagonally, as it did. A sufficient answer is that persons in

2. NEGLIGENCE.

such an emergency are not required to make nice calcula-
tions of what course others may pursue.   It was dark,
or nearly so, and the hose cart was coming rapidly to-
ward him.   Had he continued on the same side of the street
and been injured, doubtless it would have been contended that
he was negligent in not driving out of the way.   He succeed-
ed in eluding the cart, and whether he was at any fault in
the way he accomplished this was a fair question for the jury
to decide.

II.   Misconduct of counsel is complained of: (1) In
that a witness who testified that wagons passed over the ridge
freely was asked on cross-examination if he had seen one
Johnson's wagon fall over, and him thrown out and injured;
(2) in that counsel inquired of another witnesss of defend-
ant if he had talked with its attorney, of the case, frequently;
and (3) because of improper rémarks to the jury.   Evidence
of other similar accidents was not admissible, and, of course,

3. NEW trial:   counsel had no right to inject intimations there-
misconduct.    of into the record.   When this is done with
the object of leading the jury to infer something that may not
be proven, and results in prejudicing the other party, the
court will not hesitate to grant a new trial on this ground
alone.   Attempts by intimation or insinuation to get im-
proper matters before the jury should be promptly suppres-
sed.   It is not enough that objections be sustained.   The ob-
jectionable questions should be prohibited.   But improper
inquiries are often made in good faith, and others are usu-
ally without prejudice.   It is exceedingly difficult for an ap-
pellate court to determine the effect of misconduct of this
character, especially when but few such questions have been
propounded, and, of necessity, the conclusion of the trial
court is ordinarily to be regarded as conclusive.   We cannot
say from the record before us that there was error in holding
that no prejudice resulted from  making  the improper in-
quiries.

As to the other points, it is to be said that a careful law-
yer usually consults the witnesses to be called in behalf of his

client before placing them on the stand, but it does not follow
that his adversary may not inquire whether
4. ARGUMENT:
misconduct. they have conversed concerning the case, and to
what extent, with counsel. No exception was taken to any-
thing said in the argument to the jury at the time, nor was
the court then given the opportunity to correct the error, if
any. Under such circumstances, unless prejudice clearly ap-
pears, as it does not in this case, we will not interfere. *Gor-
ham v. Sioux City Stockyards Co.*, 118 Iowa, 750.—
AFFIRMED.